IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Shadee Aki Dixon,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | 1:09cv1037 (CMH/JFA) |
| Gene M. Johnson,<br>Respondent. | )<br>)<br>) | |

FILED SEP 13 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

Shadee Aki Dixon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of Fairfax, Virginia of burglary, abduction, and use of a firearm in the commission of a felony. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Dixon was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he did not file a response. For the reasons that follow, petitioner's claims will be dismissed and the respondent's Motion to Dismiss will be granted.

I. Background

The Court of Appeals of Virginia detailed the facts of the case in its opinion dismissing petitioner's direct appeal:

> [T]he evidence proved that a man went to Gregory Smith's residence and asked for someone who did not live there. Afterwards, Smith realized his cell phone was missing and he called the number, but the individual who answered hung up. Later, an individual called Smith, said he had his cell phone, and told Smith to meet him at a nearby grocery store to retrieve the cell phone. Smith went to the location, met Chad Key, and retrieved his cell phone. Smith returned home and when he walked into the house, he saw two men. One man had pantyhose over his face and

> was armed with a gun, and the other man wore a stocking cap and was armed with a knife. Smith testified he could see the bullets in the gun. Smith testified the gun was a small chrome revolver, either "a 22 or a 25." The men forced Smith downstairs, and the man removed the pantyhose from his face. Smith identified appellant as the person with the gun. Smith testified Key entered the downstairs, looked around, and left. The men took a shotgun, a hatchet, money, and a screen to a portable DVD player. The men forced Smith upstairs and out the back door, which was "cracked just enough to slide through." Smith waited until the next day to call the police, and the police never recovered the gun used by appellant.
>
> Phillip Small testified Key called him earlier that day, said he had stolen a cell phone from Smith, and he was going to arrange for Smith to leave his house to retrieve the cell phone. Small testified Key said that Smith had a lot of money. Key and Small made plans to burglarize Smith's residence. Smith testified he told appellant about the plans and appellant agreed to bring a gun. Small testified appellant had a .22 caliber gun. Small testified he saw Smith leave his home and he and appellant entered the house through the sliding glass door. Small testified the door had been cracked and that Key had unlocked the door. The shotgun, hatchet, and DVD screen were recovered from the small residence.

Dixon v. Commonwealth, R. No. 2633-06-4, at 1-2 (Va. Ct. App. May 23, 2007). At trial, Small testified that Dixon committed the crime along with Small, and that Dixon wore a "knee high [stocking], which he used to cover his face to do the robbery." Trial Tr. June 5, 2006, p. 223-24. Following a jury trial, petitioner was found guilty and sentenced to 23 years and one month incarceration with 10 years suspended. Commonwealth v. Dixon, Case No. FE-2005-1404 (Va. Cir. Ct. Sept. 15, 2006). Petitioner's direct appeal in the Court of Appeals of Virginia was dismissed, and his petition for an appeal in the Supreme Court of Virginia was refused without opinion. Dixon v. Commonwealth, R. No. 072254 (Va. March 5, 2008). On March 16, 2009, Dixon filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which dismissed his petition. Dixon v. Dir., Dept. of Corrections, R. No. 090553 (Va. Aug. 6, 2009). Petitioner filed a timely federal petition on September 3, 2009, raising the following claims:

A.  Ineffective assistance of counsel in that counsel did not keep petitioner fully informed of the progression of his appeal process, thus causing him to lose approximately five months of the time allowed for filing a state petition for writ of habeas corpus.

B.  Ineffective assistance of counsel in that counsel failed to bring forth witnesses and evidence that would have established petitioner's innocence. Specifically, counsel failed to introduce testimony and evidence which would have shown Dixon was in Tennessee at the time of the crimes. Additionally, counsel failed to introduce a letter written by Philip Small that strongly represented Dixon's innocence.

C.  Ineffective assistance of counsel in that counsel failed to call as a witness Charlie Key, because Key's testimony would have exonerated Dixon.

D.  Prosecutorial misconduct in that the prosecution did not introduce the firearm allegedly used by Dixon into evidence.

E.  The evidence was insufficient to support the conviction.

F.  The trial court erred in excluding a proper jury instruction.

## II. Procedural Default

Claim D, in which petitioner alleges that the prosecution did not introduce the firearm allegedly used by petitioner into evidence, is procedurally barred from review. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held that the procedural default rule established in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) constitutes an adequate and independent state-law ground for decision. See, e.g., Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006).

When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Muncy, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, the Supreme Court of Virginia dismissed claim D as procedurally defaulted, pursuant to Slayton, 205 S.E.2d at 680, because this issue could have been raised at trial and on direct appeal, and thus was not cognizable in a habeas petition.[1] Because the procedural default rule set forth in Slayton constitutes an adequate and independent state-law ground for decision, this claim is procedurally defaulted and barred from review by this Court. See Harris, 489 U.S. at 260.

Absent a showing of cause and prejudice or actual innocence, the only miscarriage of justice recognized as sufficient to excuse procedural default, this Court may not review a barred claim. See Roach v. Angelone, 176 F.3d 210, 211 (4th Cir. 1999). To establish cause for a procedural default, a petitioner must demonstrate that some "objective factor" external to his defense impeded him from complying with the state's procedural rule. Murray v. Carrier, 477

---

[1] A review of the Court of Appeals of Virginia's opinion dismissing petitioner's direct appeal reveals no mention of this issue. Even if petitioner raised the issue at trial, it is clear that the issue was not presented to the Supreme Court of Virginia, because it was not raised on direct appeal, and thus the issue would be treated as simultaneously exhausted and procedurally barred from review. See Bassette v.Thompson, 915 F.2d 932 (4th Cir. 1990).

4

U.S. 478, 488 (1986). Here, petitioner was afforded the opportunity to respond to the procedural default issue, and he chose not to file a response. As petitioner has not made a showing of cause and prejudice or actual innocence, claim D is procedurally barred from federal review and will be dismissed.

### III. State Law Issue

Claim F, that the trial court erred in excluding a proper jury instruction, is not cognizable on federal habeas review because it raises an issue of only state law. "It is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Because a state trial court's decisions related to jury instructions turn on interpretations of state law, these matters are usually beyond the scope of federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (a federal court may grant relief based on state jury instruction errors only in extraordinary cases); Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir.2004). In habeas review, the issue turns on "whether the ailing instruction by itself so infects the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). Petitioner has not made such a showing here, and thus the claim is not cognizable.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an

independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## V. Analysis

In claims A, B, and C, Dixon argues that he received ineffective assistance of trial counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000)

6

(reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim A, petitioner alleges that trial counsel was ineffective for failing to keep petitioner fully informed of his appeal process, thus causing him to lose approximately five months of the time allowed for filing a state petition for writ of habeas corpus. The Supreme Court of Virginia examined this claim and found that the claim satisfied neither Strickland prong. As the court noted, notwithstanding counsel's delay in keeping petitioner notified of his case proceedings, petitioner's state habeas petition was timely filed, and therefore petitioner can show no prejudice that resulted from counsel's actions. Dixon, R. No. 090553 at 1-2. This

holding is not an unreasonable interpretation of Strickland, and thus this Court cannot disturb the Supreme Court of Virginia's finding as to claim A. Williams, 529 U.S. at 412-13.

In claim B, petitioner argues that trial counsel was ineffective for failing to bring forth witnesses and evidence that would have established petitioner's innocence. Specifically, petitioner alleges that counsel failed to introduce testimony and evidence which would have shown Dixon was in Tennessee at the time of the crimes, and counsel failed to introduce a letter written by Philip Small that strongly represented Dixon's innocence. The Supreme Court of Virginia found that petitioner had not demonstrated that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. The court observed the following:

> The record, including the trial transcripts, reveals that petitioner told the trial court that he had provided counsel with the names of the witnesses he wished to testify on his behalf, that one of the witnesses had moved and could not be contacted, and that he was entirely satisfied with counsel's services. Petitioner has not provided affidavits identifying the testimony he contends these witnesses would have presented, nor has he provided the credit card receipts and bus tickets he claims would have shown he was in Tennessee.

Dixon, R. No. 090553 at 2. The Supreme Court of Virginia's finding was not an unreasonable application of Strickland, and thus we cannot disturb that decision.

In claim C, petitioner argues that counsel was ineffective for failing to call as a witness Charlie Key, because Key's testimony would have exonerated Dixon. The Supreme Court of Virginia found that this claim satisfied neither the cause nor prejudice prong of Strickland. As the court observed, Dixon did not provide an affidavit from Key detailing what testimony he would have provided, and considering the weight of the evidence against petitioner, Dixon cannot demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would be different. Accordingly, we cannot disturb the Supreme Court of Virginia's finding as to claim C.

In Claim E, petitioner argues that the evidence was insufficient to support the conviction. Petitioner's argument is difficult to follow, but he appears to argue that the Commonwealth relied heavily on the testimony of one witness, Phillip Small, who was biased, that the gun was not introduced into evidence, and that petitioner's DNA was not present on a cigarette butt found at the scene. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, this claim was raised and addressed on direct appeal by the Court of Appeals of Virginia, whose holding is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). In dismissing this claim, the court recapped the facts of the case and noted that "[t]here was sufficient evidence to prove that Key, appellant's codefendant, unlocked and opened the sliding door of Smith's residence and that appellant entered the

residence through the door. There was sufficient evidence to prove a breaking to support a conviction for statutory burglary." Dixon, R. No. 2633-06-4, at 3.

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, petitioner's argument regarding the sufficiency of the evidence is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. As Dixon has failed to satisfy his burden of showing that the rejection of his first claim by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law, that result must be allowed to stand. Williams, 529 U.S. at 412-13.

## VI. Conclusion

For the foregoing reasons, this petition must be dismissed and respondent's Motion to Dismiss will be granted. An appropriate Order shall issue.

Entered this 13th day of Sept 2010.

Alexandria, Virginia

/s/
Claude M. Hilton
United States District Judge